IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00897-MEH

DERRICK TAYLOR BROWN,

    Plaintiff,

v.

AUTONATION CHRYSLER DODGE JEEP RAM SOUTHWEST,

    Defendant.

# ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant AutoNation Chrysler Dodge Jeep Ram Southwest's ("Defendant") Motion to Compel Arbitration and Stay Proceedings ("Motion"). ECF 11. Plaintiff Derrick Taylor Brown ("Plaintiff"), proceeding pro se, brought this lawsuit on March 29, 2021, claiming discrimination, defamation, and threats made against his life. ECF 1. Plaintiff later amended his Complaint, such that his claims are now for contract fraud, terroristic threats, and deprivation of rights. ECF 14. Plaintiff's response to the Motion was due May 28, 2021 (ECF 13), but Plaintiff did not file a response. The Court issued an order to show cause on June 4, 2021 (ECF 19) directing Plaintiff to show cause in writing no later than June 14, 2021 why the Motion should not be granted. Plaintiff did not respond to the order to show cause. For the reasons that follow, the Motion is granted, and the case is administratively closed.

## FACTUAL BACKGROUND

Plaintiff's Amended Complaint contains hardly any details of the underlying events of his lawsuit. Therefore, the Court must rely on the documents attached to the Motion for clarity. *See*

*Morrison v. Colo. Permanente Med. Grp. PC*, 983 F. Supp. 937, 939 (D. Colo. 1997) (noting that in determining whether an arbitration provision warrants dismissal under Rule 12(b)(1) for the lack of federal subject matter jurisdiction, the court also may consider affidavits, documents, and other exhibits). Defendant's Exhibit B is a Retail Purchase Agreement ("Purchase Agreement") between itself and Plaintiff. ECF 11-2. On February 17, 2021, Plaintiff entered into this Purchase Agreement for a 2021 Ram 1500 truck. *Id.*

As part of the paperwork exchanged on that day, the parties signed an Arbitration Agreement. Exh. A, ECF 11-1. That document states, in part:

> This Arbitration Agreement ("Agreement") applies to Purchaser(s) ("you") who is/are in the process of: (1) purchasing or leasing a vehicle(s) including any negotiations or applications(s) for credit or other dealings or interactions with the Dealership (which hereinafter is defined as the applicable dealership, together with its parents, subsidiaries, affiliated, predecessors, successors, and assigns, and each of their respective owners, directors, officers, managers, employees, vendors and agents); (2) servicing any vehicle(s) with the Dealership; and (3) reviewing, negotiating or executing any documents or agreements during the course of interactions with the Dealership (collectively, including all subparts listed above, "Purchaser/Dealership Dealings"). You and the Dealership agree that neutral and binding arbitration on an individual basis only will be the sole method of resolving any claim, dispute or controversy (collectively, "Claims") that either Party has arising from Purchaser/Dealership Dealings, with the sole exception that either Party may file Claims in a small claims court as an alternative to proceeding with arbitration. Claims include, but are not limited to the following: (1) Claims in contract, tort, regulatory, statutory, equitable, or otherwise; (2) Claims relating to any representations, promises, undertaking, warrantied, covenants or service; (3) Claims regarding the interpretation, scope, or validity of this Agreement, or arbitrability of any issue; (4) Claims between you and the Dealership; and (5) Claims arising out of or relating to your application for credit, this Agreement and/or any and all documents executed, presented or negotiated during Purchaser/Dealership Dealings, or any resulting transaction, service, or relationship, including that with the Dealership, or any relationship with third parties who do not sign this Agreement that arises out of the Purchaser/Dealership Dealings.

*Id.* Plaintiff's signature appears on the document above his printed name and across from the electronic signature of Defendant's representative. *Id.*

## PROCEDURAL BACKGROUND

As required by the Local Rules, Defendant conferred with Plaintiff prior to the filing of the Motion. Mot. at 1. Plaintiff indicated his opposition to the Motion. *Id.* Sometime shortly after this conferral, Plaintiff drafted and filed a "motion to dismiss" Defendant's current Motion. ECF 12. Through his Motion, Plaintiff wanted the Court to "dismiss" Defendant's Motion. *Id.* The Court denied Plaintiff's motion, explaining that a motion to dismiss was not the proper mechanism to oppose the Motion; instead, the Court permitted Plaintiff to raise the same arguments in his motion in a separately filed response. ECF 13. Plaintiff never filed that separate response, nor did he file a response to the Court's subsequent order to show cause. ECF 19.

## LEGAL STANDARDS

"[U]pon being satisfied that the issue involved in [the pending] suit or proceeding is referable to arbitration under [the parties'] agreement," a district court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see also Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1279 (10th Cir. 2017) (citing *Rent–A–Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010)). Therefore, a district court *must* stay or dismiss the lawsuit if a written agreement provides for the arbitration of its subject matter. "There is a strong federal policy favoring arbitration for dispute resolution." *Coors Brewing Co. v. Molson Breweries,* 51 F.3d 1511, 1514 (10th Cir. 1995) (quoting *Peterson v. Shearson/Am. Express, Inc.,* 849 F.2d 464, 465 (10th Cir. 1988)). If there is uncertainty as to whether a claim is arbitrable, "[a]ll 'doubts are to be resolved in favor of arbitrability.'" *Id.* (quoting *Oil, Chem., & Atomic Workers Int'l Union, Local 2-124 v. Am. Oil Co.,* 528 F.2d 252, 254 (10th Cir. 1976)). "The presumption in favor of arbitration is properly applied in interpreting the scope of an arbitration agreement;

however, this presumption disappears when the parties dispute the existence of a valid arbitration agreement." *Dumais v. Am. Golf Corp.,* 299 F.3d 1216, 1220 (10th Cir. 2002).

Arbitration is a contractual matter; it is required only if the parties agree to it. *AT & T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 648 (1986); *see also Coors Brewing Co.,* 51 F.3d at 1516. "The question of whether the parties agreed to arbitrate is to be decided by the court." *AT & T Techs.,* 475 U.S. at 648–49. Only claims having "a reasonable factual connection to the contract" are arbitrable. *Coors Brewing Co.,* 51 F.3d at 1516.

Arbitration is not required if the contract is unenforceable or should be revoked. "[A] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, *save upon such grounds as exist at law or in equity for the revocation of any contract.*" 9 U.S.C. § 2 (emphasis added). The Court applies state law to determine whether an arbitration agreement is enforceable. *Weller v. HSBC Mortg. Servs., Inc.*, 971 F. Supp. 2d 1072, 1077 (D. Colo. 2013). The interpretation of a contract is a question of law for the court, and a court's duty is "to interpret a contract in a manner that effectuates the manifest intention of the parties at the time the contract was signed." *Randall & Blake v. Metro Wastewater Reclamation Dist.,* 77 P.3d 804, 806 (Colo. App. 2003).

The Court resolves ambiguities in an arbitration agreement or doubts about an arbitration clause's scope in favor of arbitration. *Lane v. Urgitus,* 145 P.3d 672, 678 (Colo. 2006); *Armijo v. Prudential Ins. Co. of Am.,* 72 F.3d 793, 797 (10th Cir. 1995) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614 (1984)). When the arbitration clause is broad in scope,

4

and "in the absence of any express provision excluding a particular grievance from arbitration," the agreement must be enforced, unless the opposing party can positively demonstrate that there is no interpretation of the agreement that would cover the claims at issue. *Local 5-857 Paper, Allied-Industrial, Chemical & Energy Workers Intern. Union v. Conoco, Inc.,* 320 F.3d 1123, 1126 (10th Cir. 2003) (quoting *AT&T Techs.,* 475 U.S. at 650).

## ANALYSIS

I.  **Arbitration**

When determining motions to compel arbitration, courts apply "a standard similar to that governing motions for summary judgment." *Stein v. Burt-Kuni One, LLC*, 396 F. Supp. 2d 1211, 1213 (D. Colo. 2005). "The party moving to compel arbitration must present 'evidence sufficient to demonstrate the existence of an enforceable agreement.'" *Hickerson v. Pool Corp.*, 2020 WL 5016938, at *3 (D. Colo. Aug. 25, 2020) (quoting *Bellman v. i3Carbon, LLC*, 563 F. App'x 608, 612 (10th Cir. 2014)). If the moving party presents sufficient evidence, then the burden shifts to the nonmoving party "to raise a genuine dispute of material fact regarding the existence of an agreement." *Bellman*, 563 F. App'x at 612.

Here, the Court finds that Defendant has presented evidence of a valid and enforceable arbitration agreement. The agreement states that it is between the Purchaser (i.e., Plaintiff) and the Dealership (i.e., Defendant) in connection with the purchase of a vehicle. Exh. B at 1. It is signed by both Plaintiff and a representative of Defendant, and the agreement was signed in connection with Plaintiff's purchase of a truck. Exh. A. Therefore, considering the totality of the evidence before the Court, Defendant has met its burden to show the existence of a valid arbitration agreement. *See Khoja v. DPD Sub, Inc.*, No. 15-cv-00258-WYD-KMT, 2015 WL 5697336, at *3

(D. Colo. Sep. 29, 2015) (finding movant met initial burden "after reviewing the afore-mentioned evidence").

The burden then shifts to Plaintiff to demonstrate a genuine issue of material fact as to the enforceability of the arbitration agreement. Because Plaintiff has not filed a response (or responded to the Court's order to show cause), Plaintiff has not met this burden. However, in the interest of justice, the Court will briefly consider the arguments raised in Plaintiff's previously filed "motion to dismiss." The Court notes from the outset that these are conclusory legal arguments and are insufficient to create a genuine dispute of material fact. Assuming Plaintiff's arguments could create a genuine dispute, the Court finds that Plaintiff raises two pertinent issues concerning fraud in the inducement and unconscionability. ECF 12 at 2–3.

As to fraud in the inducement, the Supreme Court has held that fraudulent inducement claims concerning the contract as a whole must be resolved by an arbitrator. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006) ("[w]e reaffirm today that, regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator."). "*Buckeye* is consistent with the Colorado Supreme Court holding that '[a] fraudulent inducement claim, if it is to be considered by the trial court, must be directed specifically to fraud inducing the plaintiff to agree to arbitrate.'" *Pope v. Integrated Associates of Denver, Inc.*, No. 16-cv-02588-JLK, 2017 WL 4857407, at*2 (D. Colo. Apr. 21, 2017) (quoting *Ingold v. AIMCO/Bluffs, L.L.C.*, 159 P.3d 116, 120 (Colo. 2007)). In this case, Plaintiff's fraudulent inducement claim goes to the entirety of the contract, not just the arbitration provision. ECF 12 at 2 ("If any of these is proven to be true, the contract in question becomes void."). As such, the Court finds that Plaintiff's fraudulent

inducement claim does not "provide him relief from his agreement to submit his claims" to arbitration. *Pope*, 2017 WL 4857407, at *2.

Plaintiff also raises the issue of unconscionability. When a party raises unconscionability as a defense to an arbitration agreement, the burden of proof is on that party to demonstrate the unconscionable nature of the contract. *Nesbitt v. FCNH, Inc.*, 74 F. Supp. 3d 1366, 1371 (D. Colo. 2014) ("The burden of proof is on the party opposing arbitration."). Since Plaintiff did not respond to the Motion, he has not met this burden. However, even if the Court assumed the contract in this case is adhesive in nature (for example, consisting of standardized forms, without the ability to negotiate, and a power disadvantage), it does not render the contract void. A contract of adhesion is not inherently unconscionable. *Bernal v. Burnett*, 793 F. Supp. 2d 1280, 1287 (D. Colo. 2011). Accordingly, the Court finds that the unconscionability argument also does not prevent the enforcement of the arbitration agreement.

Finding no genuine dispute of fact as to the enforceability of the arbitration agreement, the Court must grant Defendant's Motion.

## II. Stay of Proceedings

When the parties have entered into an arbitration agreement, and either party requests a stay of the case pending arbitration, the Court must stay the case. 9 U.S.C. § 3. Here, Defendant has requested a stay. However, because the Tenth Circuit has construed an administrative closure to be the practical equivalent of a stay, *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987), the Court instead will administratively close the case pending the arbitration's outcome pursuant to D.C.Colo.LCivR 41.2.

## CONCLUSION

ACCORDINGLY, Defendant's Motion [filed May 7, 2021; ECF 11] is **granted**. The Clerk of the Court is directed to administratively close this case. The Court may reopen it for good cause, such as after the issuance of the arbitration award, if appropriate.

SO ORDERED.

DATED this 18th day of June, 2021, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge